IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERRA MCWILLIAMS                                                                      PLAINTIFF

v.                                        CIVIL NO. 22-5031

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Terra McWilliams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on December 1, 2019, alleging an inability to work since May 24, 2017,[1] due to severe post-traumatic stress disorder (PTSD), severe anxiety, panic attacks, bipolar disorder, attention deficit hyperactivity disorder (ADHD), chronic insomnia with fatigue and Type II diabetes mellitus. (Tr. 50, 73-74, 163). An

---

[1] Plaintiff amended her alleged onset date to December 1, 2018. (Tr. 14).

1

administrative telephonic hearing was held on March 8, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 45-70).

By written decision dated May 4, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: PTSD, depression-bipolar disorder, anxiety, and ADHD. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant cannot operate motor vehicles or machinery; she is limited to simple, routine, repetitive tasks with few variables and little judgment required, with supervision that is simple, direct, and concrete; and she is limited to social interaction that is incidental to the work performed.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a poultry deboner. (Tr. 25). The ALJ further found Plaintiff could also perform work as a hand packager, a small products assembler I and a stem mounter. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on December 21, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 11-13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required

4

to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

For claims like Plaintiff's that are filed on or after March 27, 2017, an ALJ evaluates medical opinions and administrative medical findings pursuant to 20 C.F.R. § 404.1520c. These rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is to evaluate the persuasiveness of medical opinions and prior administrative medical findings in light of the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant, which includes: (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization, and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies." 20 C.F.R. § 404.1520c(a)-(c). The regulation goes on to clarify that supportability and consistency "are the most important factors" to consider when determining persuasiveness of a medical source's medical opinions and, therefore, an ALJ must explain how she considered the factors of supportability and consistency in the administrative decision. 20 C.F.R. § 404.1520c(b)(2).

In the present case, the ALJ specifically referenced the October 2, 2019, Functional Capacity assessment completed by Dr. Kimberly Emerson. (Tr. 389-390). In doing so, the ALJ noted that Dr. Emerson opined Plaintiff was extremely impaired in all areas of functioning. However, the ALJ found this opinion unpersuasive "because it was not supported with explanations or by Dr. Emerson's own treatment records, nor is it consistent with the other

5

treatment notes in the record or with Dr. Sonntag's examination findings." (Tr. 24). Notably absent from the ALJ's discussion about Dr. Emerson's opinion however is any reference to the medical opinions offered by Dr. Emerson outside of the above referenced Functional Capacity assessment, even though some of the specific findings appear to support the general conclusions expressed in this assessment. For example, after an office visit in December of 2018, Dr. Emerson stated the following:

> I CONTINUE TO FEEL YOU ARE UNABLE TO DO ANY WORK. YOUR MOOD IS STILL UNSTABLE; YOUR THOUGHT PROCESSES ARE NOT ALLOWING YOU TO HAVE GOOD FOCUS, ATTENTION AND CONCENTRATION. YOU ARE UNABLE TO STORE MEMORY OR ACCESS OLD MEMORY. IT HAS NOT IMPROVED MUCH SINCE THE TIME OFF ALTHOUGH THE SUICIDALITY PART IS MUCH BETTER. YOU NEED [to] CONTINUE WITH THERAPY; I FEEL YOU SHOULD LOOK TOWARD APPLYING FOR SOCIAL SECURITY DISABILITY DUE TO THE NUMBER OF TIMES THAT THE EPISODES EACH YEAR HAVE LEFT YOU UNEMPLOYABLE AND THE DIFFICULTY YOU HAVE WITH GETTING FUNCTIONAL AFTER EACH EPISODE.

(Tr. 789). After an office visit in October of 2019, Dr. Emerson stated as follows:

> [T]his patient is medically disabled due to her anxiety and panic attacks. This patient can not store memory, access old memory, adequately focus or concentrate. This patient would be unable to do non sedentary work as she can not take orders from superiors and be expected to work without need for THC or benzo for her panic. These medications are sedating and should not be taken during active work.

(Tr. 738). Finally, after an office visit with Plaintiff in July of 2020, Dr. Emerson stated the following:

> DESPITE MULTIPLE MEDICATIONS, PSYCHOTHERAPY; PSYCHIATRIST EVALUATIONS THIS PATIENT REMAINS UNABLE TO DO ANY WORK OF ANY KIND; SHE IS UNABLE TO RETRAIN FOR LESS SEDENTARY WORK DUE TO HER LACK OF FOCUS, CONCENTRATION, ABILITY TO STORE MEMORY OR ACCESS OLD MEMORY; SHE HAS A LOW GAD SCORE AND CONTINUES TO BE AT RISK FOR SUIDICIE DUE TO HER HALLUCINATIONS AND DELUSIONS AND TANGENTIAL THOUGHT PROCESSES; I CONTINUE TO SUPPORT THAT THIS PATIENT HAS BEEN UNABLE TO WORK SINCE 2017. PATIENT WOULD BE UNABLE TO TAKE DIRECTION FROM A SUPERVISOR; SHE HAS A HISTORY OF BEING

> VERY TEARFUL AND INEFFECTIVE IN THE WORK PLACE AS WELL HAS A HISTORY OF MULTIPLE DAYS TO CALL IN SICK OR REQUEST SHORT TERM LEAVE OF ABSENCES.

(Tr. 712). While substantial evidence may have supported the ALJ's evaluation of the supportability and consistency of Dr. Emerson's opinion, the failure to more fully discuss or even acknowledge certain parts of the medical record, particularly the portions of Dr. Emerson's opinion that supports her conclusions about functioning, render it impossible to determine if substantial evidence supports the ALJ's evaluation. "Although a deficiency in opinion writing is not a sufficient reason to set aside an ALJ's finding where the deficiency had no practical effect on the outcome of the case, *see Senne v. Apfel*, 198 F.3d 1065, 1076 (8th Cir. 1999), the ALJ is not free to ignore medical evidence but rather must consider the whole record." *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000). For the Court to conclude substantial evidence supports the ALJ's evaluation, the description of the evaluation must include discussion of various parts of record evidence, some of which does appear generally supportive of Dr. Emerson's findings as to functioning limitations.

After reviewing the record as a whole, the Court finds remand necessary and directs the ALJ to comply with 20 CFR § 404.1520c(b)(2) with respect to evaluating the supportability and consistency of all medical opinion evidence. The ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.    Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and**

**recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of April 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE