IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVLLE DIVISION

**TERRA DANIELLE MCWILLIAMS**                                                                 **PLAINTIFF**

**V.**                              **CASE NO: 5:22-CV-5031**

**COMMISIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                            **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 14) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The R&R advises the Court to reverse the decision of the Administrative Law Judge ("ALJ") and remand the case to the Social Security Administration to revisit a treating physician's opinion and the medical evidence underlying that opinion in assessing Plaintiff Terra Danielle McWilliams's Residual Functional Capacity ("RFC"). The Commissioner filed an Objection to the R&R (Doc. 15), arguing that the ALJ properly considered both the supportability and consistency of the treating physician's opinion and was free to ignore it. The Court has now undertaken a *de novo* review of the record and is prepared to rule.

According to the R&R, the ALJ erred in evaluating Ms. McWilliams's RFC, which is defined as "the most [a social security claimant] can still do despite her limitations." 20 C.F.R. § 404.1545(a)(1). An RFC determination must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). It is well established that a "claimant's [RFC] is a medical question" regarding "[her] ability to

1

function in the workplace." *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)).

The ALJ found that Ms. McWilliams suffers from several severe impairments, including post-traumatic stress disorder, depression-bipolar disorder, anxiety, and attention deficit hyperactivity disorder. Her treating physician for the past eight years, Dr. Kimberly Emerson, opined that Ms. McWilliams could not "maintain attention and concentration for extended periods," "work in coordination with and in proximity to others without being distracted," "be punctual within customary tolerances," "maintain regular attendance," or "complete a normal workday and workweek . . . without an unreasonable number and length of rest periods." (Doc. 9, pp. 27–28). The ALJ found these opinions "unpersuasive" because they were "not supported with explanations or by Dr. Emerson's own treatment records, nor [were they] consistent with the other treatment notes in the record or with [consulting psychologist] Dr. [Mary Jane] Sonntag's examination findings." *Id.* at p. 28.

The R&R quotes from various medical documents in the administrative file that support Dr. Emerson's opinions. *See* Doc. 14, pp. 5–7. According to the Magistrate Judge, the ALJ erred in failing to both discuss these treatment records and acknowledge that other treating medical professionals shared Dr. Emerson's same opinions. For example, Dr. Sonntag examined Ms. McWilliams and described her "difficulty coping with the typical mental and cognitive demands of the tasks given her on the evaluation as evidenced by her excessive tearfulness." (Doc. 9, p. 79). Ms. McWilliams's treating therapist, Mallory Culver, noted that her patient's "psychiatric state ranged from being moderately to extremely impaired" and was characterized by "marked limitations in

interacting with others, concentrating, persisting and maintaining pace, and adapting or managing herself" due to "chronic severe anxiety," which, in Ms. Culver's view, "hinders her from being able to maintain a regular work schedule." *Id.* at p. 28.

The R&R recommends that the case be remanded with instructions for the ALJ to evaluate the supportability and consistency of all medical opinion evidence and then to re-evaluate Ms. McWilliams's RFC. The Commissioner objects that the ALJ's review of the evidence was sufficient to support her decision, as she was "not required to *discuss* every piece of evidence." (Doc. 15, p. 2) (emphasis in original).

The Court agrees that an ALJ is not required to discuss every piece of evidence in the file and that a reviewing court should not simply "reweigh the evidence in Plaintiff's favor"—as the Commissioner suggests the Magistrate Judge has done here. *See* Doc. 15, p. 2. Instead, the law requires the ALJ to give controlling weight to a treating physician's opinion "if it is well-supported by medical evidence and not inconsistent with the substantial evidence in the record." *See Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2)). If at least some supporting medical evidence exists to buttress a treating physician's opinion, an ALJ may not simply ignore that opinion or deem it "unpersuasive" without further comment.

> If the ALJ decides that the [treating physician] opinion does not deserve controlling weight, the ALJ must provide "good reasons" for the decision and must consider: the length of the treatment relationship, record support for the opinion, the opinion's consistency, the extent to which the opinion is connected with the physician's specialization and other relevant factors. 20 C.F.R. § 404.1527(c)(2)–(6). SSA guidance provided that the decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers . . . the reasons [for the decision]." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

*Id.*   After due consideration, the Court agrees with the Magistrate Judge's recommendations and finds that remand is appropriate.

**IT IS THEREFORE ORDERED** that the Commissioner's Objection (Doc. 15) is **OVERRULED** and the Magistrate Judge's R&R (Doc. 14) is **ADOPTED IN ITS ENTIRETY**. The decision of the ALJ is **REVERSED** and the case is **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with the recommendations set forth in the final paragraphs of the R&R.

**IT IS SO ORDERED** on this 27th day of April, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE