IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVLLE DIVISION

**TERRA DANIELLE MCWILLIAMS**                                                   **PLAINTIFF**

**V.**                              **CASE NO: 5:22-CV-5031**

**COMMISIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                              **DEFENDANT**

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 14) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The R&R advises the Court to reverse the decision of the Administrative Law Judge ("ALJ") and remand the case to the Social Security Administration to revisit a treating physician's opinion and the medical evidence underlying that opinion in assessing Plaintiff Terra Danielle McWilliams's Residual Functional Capacity ("RFC"). The Commissioner filed an Objection to the R&R (Doc. 15), arguing that the ALJ properly considered both the supportability and consistency of the treating physician's opinion and was free to ignore it. The Court has now undertaken a *de novo* review of the record and is prepared to rule.

According to the R&R, the ALJ erred in evaluating Ms. McWilliams's RFC, which is defined as "the most [a social security claimant] can still do despite her limitations." 20 C.F.R. § 404.1545(a)(1). An RFC determination must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [her] limitations.'" *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). It is well established that a "claimant's [RFC] is a medical question" regarding "[her] ability to

1

function in the workplace." *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)).

The ALJ found that Ms. McWilliams suffers from several severe impairments, including post-traumatic stress disorder, depression-bipolar disorder, anxiety, and attention deficit hyperactivity disorder. Her treating physician for the past eight years, Dr. Kimberly Emerson, opined that Ms. McWilliams could not "maintain attention and concentration for extended periods," "work in coordination with and in proximity to others without being distracted," "be punctual within customary tolerances," "maintain regular attendance," or "complete a normal workday and workweek . . . without an unreasonable number and length of rest periods." (Doc. 9, pp. 27–28). The ALJ found these opinions "unpersuasive" because they were "not supported with explanations or by Dr. Emerson's own treatment records, nor [were they] consistent with the other treatment notes in the record or with [consulting psychologist] Dr. [Mary Jane] Sonntag's examination findings." *Id.* at p. 28.

The R&R quotes from various medical documents in the administrative file that support Dr. Emerson's opinions. *See* Doc. 14, pp. 5–7. According to the Magistrate Judge, the ALJ erred in failing to both discuss these treatment records and acknowledge that other treating medical professionals shared Dr. Emerson's same opinions. For example, Dr. Sonntag examined Ms. McWilliams and described her "difficulty coping with the typical mental and cognitive demands of the tasks given her on the evaluation as evidenced by her excessive tearfulness." (Doc. 9, p. 79). Ms. McWilliams's treating therapist, Mallory Culver, noted that her patient's "psychiatric state ranged from being moderately to extremely impaired" and was characterized by "marked limitations in

2

interacting with others, concentrating, persisting and maintaining pace, and adapting or managing herself" due to "chronic severe anxiety," which, in Ms. Culver's view, "hinders her from being able to maintain a regular work schedule." *Id.* at p. 28.

The R&R recommends that the case be remanded with instructions for the ALJ to evaluate the supportability and consistency of all medical opinion evidence and then to re-evaluate Ms. McWilliams's RFC. The Commissioner objects that the ALJ's review of the evidence was sufficient to support her decision, as she was "not required to *discuss* every piece of evidence." (Doc. 15, p. 2) (emphasis in original).

The Court agrees that an ALJ is not required to discuss every piece of evidence in the file and that a reviewing court should not simply "reweigh the evidence in Plaintiff's favor"—as the Commissioner suggests the Magistrate Judge has done here. *See* Doc. 15, p. 2. The ALJ erred in this case by dismissing Dr. Emerson's opinions as "unpersuasive" without meaningfully evaluating the criteria at 20 C.F.R. § 404.1520(c)(c)—particularly with respect to the "supportability" and "consistency" of Dr. Emerson's medical opinions and her "relationship with the claimant." These errors are not harmless and lead the Court to question the soundness of the ALJ's RFC determination.

**IT IS THEREFORE ORDERED** that the Commissioner's Objection (Doc. 15) is **OVERRULED** and the Magistrate Judge's R&R (Doc. 14) is **ADOPTED IN ITS ENTIRETY**. The decision of the ALJ is **REVERSED** and the case is **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g) and consistent with the recommendations set forth in the final paragraphs of the R&R.

**IT IS SO ORDERED** on this 9th day of May, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE